**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FILED

DEC 11 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1) DEAN M. AULERICH, an individual,

        Plaintiff,

v.

(1) BLUECROSS BLUESHIELD OF
OKLAHOMA,

        Defendant.

Case No. 13 CV - 788 CVE - FHM

Removed from:
District Court of Tulsa County,
State of Oklahoma
(Case No. CJ-2013-05124)

## NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Oklahoma, a Division of Health Care

Service Corporation, an Illinois Mutual Legal Reserve Company, ("HCSC") (incorrectly

named as "BLUECROSS BLUESHIELD OF OKLAHOMA") removes this action to the

United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C.

§§ 1332(a)(1), 1441, and 1446. This action is removable because there is complete

diversity of citizenship between Plaintiff and HCSC, and the amount in controversy,

exclusive of interest and costs, exceeds the sum or value of $75,000.00. In support of this

Notice of Removal, HCSC states as follows:

1.      On November 7, 2013, Plaintiff filed a Petition (the "Petition") against

HCSC commencing the civil action styled *Dean M. Aulerich v. BlueCross BlueShield of*

*Oklahoma*, Case No. CJ-2013-05124, District Court of Tulsa County, State of Oklahoma

(at times hereafter the "State Court Action").

1



2.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, HCSC has attached and filed with the Clerk of this Court as exhibits to this Notice of Removal true and legible copies of all process, pleadings, orders, and other papers filed with the State Court and/or served on HCSC.  A copy of the Docket Sheet from the State Court Action is attached as Exhibit 1.  A copy of the Petition is attached as Exhibit 2.  In addition, all other documents filed of record in the State Court Action and/or served on HCSC  are attached as Exhibit 3.

3.     HCSC was first served with the Petition through service on the Oklahoma Insurance Commissioner on November 13, 2013.  (*See* Ex. 2; Ex. 3 at ¶ 5.)  Plaintiff did not plead his citizenship on the face of the Petition.  HCSC was first able to determine that there was complete diversity of citizenship between Plaintiff and Defendant on December 2, 2013, when counsel for HCSC, Erin Dailey, conferred with Plaintiff's counsel, Steven Buckman, who agreed to stipulate that Plaintiff was a citizen of Oklahoma and resident of Tulsa County, Oklahoma, for diversity purposes. (*See* December 2, 2013 Letter from Erin K. Dailey to Steven Buckman, memorializing Plaintiff's agreement to stipulate that he is a citizen of the State of Oklahoma and resident of Tulsa County, Oklahoma for diversity of citizenship purposes, attached as Exhibit 4.) HCSC has thus filed this notice of removal within the 30-day period provided by 28 U.S.C. § 1446(b).

4.     As of the time of filing this Notice of Removal, there have been no other filings or proceedings in the State Court except those attached as Exhibits 2 and 3.

2

## AMOUNT IN CONTROVERSY

5.      The amount in controversy exceeds $75,000, as evidenced on the face of

the Petition.  Plaintiff's lawsuit involves a dispute concerning payment of claims in

connection with a health insurance policy and allegations of Defendant's alleged breach

of duty of good faith and fair dealing.  In the Petition, Plaintiff seeks judgment "for a sum

in excess of $75,000.00 for actual damages, exemplary damages . . ." in addition to costs,

pre-and-post-judgment interest and attorney fees.  (Ex. 2, Pet. at p. 3; *see also* Ex. 4.)

## CITIZENSHIP OF DEFENDANT

6.      Defendant Blue Cross Blue Shield of Oklahoma, a Division of Health Care

Service Corporation, is and was at the time of the filing of Plaintiff's Petition a citizen of

Illinois.  HCSC is a mutual legal reserve company that is incorporated under the laws of

Illinois with its principal place of business in Chicago, Illinois.  Blue Cross and Blue

Shield of Oklahoma ("BCBS-OK") is an unincorporated division of HCSC.  (Exhibit 5,

Declaration of L. Adkins, ¶¶ 3-4[1])  "[F]or diversity purposes, [an] unincorporated

division's citizenship is [the] same as corporation of which it is a part . . . ."  *Equifax*

*Services, Inc. v. Hitz*, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) (citing *Brunswick Corp.*

*v. Jones*, 784 F.2d 271, 275 n. 3 (7th Cir.1986)).  *See also Wisconsin Knife Works v. Nat'l*

*Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (finding that "the state of which . . .

---

[1] This Court may consider evidence offered by Defendant with the removal notice to
establish federal jurisdiction.  *See, e.g., San Juan Basin Royalty Trust v. Burlington*
*Resources Oil & Gas Co., L.P.*, 588 F. Supp. 2d 1274, 1276 (D.N.M. 2008).

[a division] is a citizen for purposes of determining diversity is the state of which the corporation that owns the division is a citizen").

### CITIZENSHIP OF PLAINTIFF

7.      Plaintiff is and was at the time of the filing of Plaintiff's Petition a citizen of the State of Oklahoma.  (*See* Ex. 4, memorializing Plaintiff's agreement to stipulate that he is a citizen of the State of Oklahoma and resident of Tulsa County, Oklahoma for diversity of citizenship purposes.)

8.      Therefore, there is complete diversity of citizenship between Plaintiff and Defendant in accordance with 28 U.S.C. § 1332.

### CONCLUSION

9.      This is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332.  Furthermore, this action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.      Venue is appropriate in this Court as this Court is in the district in which the underlying state court action was pending. 28 U.S.C. § 1441.

11.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide Plaintiff with written notice of removal of this action and will file a copy of this Notice of Removal with the Clerk of the Tulsa County District Court.

CONCLUSION

12.    Therefore, under the applicable provisions of 28 U.S.C. §§ 1332, 1441 and

1446, HCSC has complied with necessary requirements and is entitled to remove this

action.

**WHEREFORE,** Defendant HCSC hereby removes all claims in the Action from

the District Court for Tulsa County, Oklahoma, to the United States District Court for the

Northern District of Oklahoma.

Dated this 11th day of December, 2013

Respectfully submitted,

Erin K. Dailey, OBA # 20189
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103
(918) 595-4800
(918) 595-4990 (fax)
edailey@gablelaw.com

*Attorneys for Defendant Blue Cross*
*Blue Shield of Oklahoma, a Division of*
*Health Care Service Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013, a copy of the above and foregoing document was mailed, postage prepaid to the following counsel of record:

Steven Buckman
Buckman & Gray,
Park Centre, Suite 660
525 South Main Street
Tulsa, Oklahoma
74103-4521
(918) 587-1535 facsimile
Attorneys for Plaintiff

Erin K. Dailey

# EXHIBIT 1

# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| DEAN A AULERICH, <br>     Plaintiff, <br> v. <br> BLUECROSS BLUESHIELD OF OKLAHOMA, <br>     Defendant. | No. CJ-2013-5124 <br> (Civil relief more than $10,000: <br> BAD FAITH) <br><br> Filed: 11/07/2013 <br><br> Judge: Sellers, Jefferson D. |

## Parties

AULERICH, DEAN A , Plaintiff
BLUECROSS BLUESHIELD OF OKLAHOMA , Defendant

## Attorneys

| Attorney | Represented Parties |
|---|---|
| BUCKMAN, STEVEN VANCE(Bar # 10745) <br> 525 SOUTH MAIN <br> SUITE 660 <br> TULSA, OK 74103 | AULERICH, DEAN A |
| DAILEY, ERIN K(Bar # 20189) <br> 1100 ONEOAK PLAZA <br> 100 WEST FIFTH STREET <br> TULSA, OK 74103 | BLUECROSS BLUESHIELD OF OKLAHOMA, |
| PARRISH, HARRY A(Bar # 11463) <br> FRANDEN, WOODARD, FARRIS, QUILLIN & <br> GOODNIGHT <br> WILLIAMS CENTER TOWER II <br> TWO WEST SECOND ST SUITE 900 <br> TULSA, OK 74103 | AULERICH, DEAN A |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| | |
|---|---|
| **Issue # 1.** | Issue: BAD FAITH (OTHER) <br> Filed by: AULERICH, DEAN A <br> Filed Date: 11/07/2013 |
| **Party Name:** | **Disposition Information:** |
| **Defendant:** BLUECROSS BLUESHIELD OF OKLAHOMA | Pending. |

# EXHIBIT 1

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 11-07-2013 | TEXT | 1 | | 87403254 | Nov 7 2013 1:38:29:123PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 11-07-2013 | OTHER | - | | 87403256 | Nov 7 2013 3:46:45:513PM | Realized | $ 0.00 |
| | BAD FAITH | | | | | | |
| 11-07-2013 | DMFE | - | | 87403257 | Nov 7 2013 1:38:29:293PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 11-07-2013 | PFE1 | - | | 87403258 | Nov 7 2013 3:43:11:413PM | Realized | $ 163.00 |
| | PETITION($ 163.00) 📄 *Document Available (#1023328903)* | | | | | | |
| 11-07-2013 | PFE7 | - | | 87403259 | Nov 7 2013 1:38:29:293PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 11-07-2013 | OCISR | - | | 87403260 | Nov 7 2013 1:38:29:293PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 11-07-2013 | CCADMIN02 | - | | 87403261 | Nov 7 2013 1:38:29:293PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 11-07-2013 | OCJC | - | | 87403262 | Nov 7 2013 1:38:29:293PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 11-07-2013 | OCASA | - | | 87403263 | Nov 7 2013 1:38:29:293PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 11-07-2013 | CCADMIN04 | - | | 87403264 | Nov 7 2013 1:38:29:293PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 11-07-2013 | LTF | - | | 87403265 | Nov 7 2013 1:38:29:403PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 11-07-2013 | SMF | - | | 87403266 | Nov 7 2013 1:38:29:463PM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | | |
| 11-07-2013 | SMIMA | - | | 87403267 | Nov 7 2013 1:38:29:503PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | |
| 11-07-2013 | EAA | - | AULERICH, DEAN A | 87409968 | Nov 8 2013 | - | $ 0.00 |

9:00:36:007AM
ENTRY OF APPEARANCE (STEVEN BUCKMAN ENTERS AS COUNSEL) / CERTIFICATEOF SERVICE
📄 *Document Available (#1023445115)*

---

| 11-07-2013 | TEXT | - | | 87403255 | Nov 7 2013 1:38:29:173PM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE.

---

| 11-07-2013 | ACCOUNT | - | | 87403280 | Nov 7 2013 1:39:11:023PM | - | $ 0.00 |

RECEIPT # 2013-2719669 ON 11/07/2013.
PAYOR:BUCKMAN & GRAY TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2013-5124: $168.00 ON AC01 CLERK FEES.
CJ-2013-5124: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2013-5124: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-5124: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-5124: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2013-5124: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-5124: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2013-5124: $10.00 ON AC81 LENGTHY TRIAL FUND.

---

| 12-03-2013 | MO | - | BLUECROSS BLUESHIELD OF OKLAHOMA | 87658428 | Dec 4 2013 11:33:35:770AM | - | $ 0.00 |

UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWER (ERIN DAILEY ENTERS AS COUNSEL - COVERSHEET ATTACHED) / CERTIFICATE OF SERVICE
📄 *Document Available (#1023673671)*

---

| 12-04-2013 | CTFREE | - | | 87660901 | Dec 4 2013 1:28:24:493PM | - | $ 0.00 |

SELLERS, JEFFERSON D.: ORDER ENTERED GRANTING DEFENDANT UNTIL 12-18-13 TO ANSWER.

---

| 12-04-2013 | O | - | | 87668453 | Dec 5 2013 9:20:07:287AM | - | $ 0.00 |

ORDER / SEE ENTRY ABOVE
📄 *Document Available (#1023603217)*

---

Report Generated by The Oklahoma Court Information System at December 11, 2013 15:29 PM

---

End of Transmission.

# EXHIBIT 2



**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT 000.0010
**F I L E D**

NOV 0 7 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. - TULSA COUNTY

| | |
|---|---|
| DEAN M. AULERICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CJ-2013  05124** |
| | ) **CASE NO.** |
| BLUECROSS BLUESHIELD OF | ) **Attorney Lien Claimed** |
| OKLAHOMA, | ) **JEFFERSON D. SELLERS** |
| | ) |
| Defendant. | ) |

## PETITION

**COMES NOW** the Plaintiff, Dean M. Aulerich, and for his cause of action against the Defendant, BlueCross BlueShield of Oklahoma, would show this Honorable Court the following:

1.    Plaintiff purchased health insurance coverage through the Defendant, BlueCross BlueShield of Oklahoma ("BlueCross").  The insurer provided the insurance and accepted the premiums paid for the coverage.

2.    Plaintiff needed a medically required surgical procedure and notified the health insurer of the necessity for the surgery.  Initially, BlueCross approved the procedure, agreed the surgery was medically necessary, and sent correspondence authorizing the operation.  The surgery was scheduled.  Shortly thereafter, BlueCross reversed its position and advised the Plaintiff that it would not pay for the surgery, suggesting it was not medically necessary.

3.    BlueCross refused to listen to the Plaintiff who explained why the surgery was needed. Further, BlueCross ignored treating physicians who advised the medical condition dictated the medical need for the surgery.

4.    Plaintiff requested a copy of the insurance policy, hoping to convince the insurer to make payment by directing the representatives at BlueCross to the relevant provisions of the

## EXHIBIT 2

contract. He was given the runaround and after several attempts was unable to obtain a copy of the insurance policy. Instead, BlueCross provided a copy of a summary of benefits. The summary clearly states the details of the insurance are set forth in the contract and its language governs over the content of the benefits summary.

5. Plaintiff made several unsuccessful attempts to try to convince BlueCross to be reasonable and approve payment. BlueCross refused. The surgery was ultimately rescheduled and completed at Plaintiff's expense.

6. The insurance company failed to conduct an appropriate investigation and evaluation of the claim and wrongfully refused payment of the same. If BlueCross had properly investigated and evaluated Plaintiff's claim for medical benefits, it would have determined, as Plaintiff attempted to explain to BlueCross, that he faced a medical condition requiring the surgery.

7. BlueCross demonstrated a callous disregard for Plaintiff's condition and ignored the economic needs for payment of the medical expenses. BlueCross's actions were conducted in bad faith and violated the implied duty of good faith and fair dealing it owed to the Plaintiff under Oklahoma law.

8. As a result of the breach of the implied duty of good faith and fair dealing, Plaintiff suffered damages including, but not limited to, the wrongful denial of medical benefits that were due, mental pain and suffering, embarrassment, loss of reputation, financial losses, and required the policyholder to retain legal counsel to bring this action. But for the bad faith actions of BlueCross, Plaintiff would not have been required to retain the services of an attorney or file this lawsuit.

9. Plaintiff asserts the actions of BlueCross were egregious, deliberate, intentional, and willful. Alternatively, even if the facts are viewed in a light most favorable to BlueCross, the actions

2

were grossly reckless and in utter disregard of the obligations imposed by Oklahoma law. Therefore,

Plaintiff further seeks exemplary damages to deter BlueCross from the same or similar conduct in

the future and as a means of protecting the benefit and welfare of the Oklahoma public.

**WHEREFORE**, Plaintiff, Dean M. Aulerich, prays for judgment against the Defendant,

BlueCross BlueShield of Oklahoma, for a sum in excess of $75,000.00 for actual damages,

exemplary damages, costs, prejudgment interest at the maximum statutory rate allowed, post-

judgment interest at the maximum statutory rate allowed, attorney fees, and any and all other just and

equitable relief this Honorable Court deems proper.

**BUCKMAN & GRAY,**
*A Professional Corporation*

By: _____
Steven V. Buckman, OBA# 10745
525 South Main, Suite 660
Tulsa, Oklahoma 74103
Telephone: (918) 587-1525
Facsimile: (918) 587-1535
*Attorney for Plaintiff, Dean M. Aulerich*
**Attorney Lien Claimed**

# EXHIBIT 3



DISTR... **FILED**

NOV 0 7 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

DEAN M. AULERICH,                    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )   CJ-2013 05124
                                     )
BLUECROSS BLUESHIELD OF              )   JEFFERSON D. SELLERS
OKLAHOMA,                            )
                                     )
    Defendant.                   )

## ENTRY OF APPEARANCE

**COMES NOW** Steven V. Buckman of Buckman & Gray, *A Professional Corporation* and

enters an appearance on behalf of Plaintiff Dean M. Aulerich in the above-styled case.

                                 **BUCKMAN & GRAY,**
                                 *A Professional Corporation*

By:     *(signature)* Steven V. Buckman

                                 Steven V. Buckman, OBA #10745
                                 525 South Main, Suite 660
                                 Tulsa, Oklahoma 74103
                                 sbuckman@buckmangray.com
                                 Telephone:  (918) 587-1525
                                 Facsimile:  (918) 587-1535
                                 *Attorney for Plaintiff, Dean M. Aulerich*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of November, 2013, a true and correct copy of the above and foregoing Entry Of Appearance was mailed by certified mail, with correct postage fully prepaid thereon, to the following:

Oklahoma Insurance Commissioner
Attn: Maria Torres
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

                                 *(signature)*
                                   Steven V. Buckman





## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DEAN M AULERICH,

      Plaintiff,

v.

BLUECROSS BLUESHIELD OF OKLAHOMA,

      Defendant.

2013 DEC -3 PM 3: 58

SALLY HOWE SMITH
DISTRICT COURT
**F I L E D**

DEC -3 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

)
)
)
)
)
)
)
)
)
)
)

Case No. CJ-2013-05124

Judge Jefferson D. Sellers

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendant, Health Care Service Corporation d/b/a BlueCross BlueShield of Oklahoma ("Defendant"), hereby moves for an extension of 14 days, or until December 18, 2013, in which to respond to the Petition.  Counsel for Defendant has conferred with counsel for Plaintiff, and Plaintiff does not oppose this motion.  This motion is made in good faith, and not for purposes of delay.  Defendant has not made a previous request for an extension of time.  A proposed Order is submitted herewith.

Erin K. Dailey, OBA No. 20189
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4990 (fax)

*Attorney for Defendant,*
*Health Care Service Corporation d/b/a*
*BlueCross BlueShield of Oklahoma*

{1202936;}

## EXHIBIT 3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2013, a copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

Steven V. Buckman
525 South Main, Suite 660
Tulsa, OK  74103

Erin K. Dailey





DISTRICT COURT
**FILED**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DEC – 4 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DEAN M AULERICH, )
 )
      Plaintiff, )
 )
      Case No. CJ-2013-05124 )
v. )
 )      Case No. CJ-2013-05124
BLUECROSS BLUESHIELD OF OKLAHOMA )
 )      Judge Jefferson D. Sellers
      Defendant. )
 )
 )

## ORDER

Now before the Court is Defendant's Unopposed Motion for Extension of Time to File Answer. For good cause shown, Defendant's motion is hereby GRANTED. Defendant is hereby granted an extension of fourteen (14) days, or until December 18, 2013, in which to file its answer in this matter.

IT IS SO ORDERED this _____ day of December, 2013.

The Hon. Jefferson D. Sellers
District Judge

*Submitted by:*

Erin K. Dailey
GableGotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217
(918) 595-4800
(918) 595-4990 (fax)

***Attorneys for Defendant,***

{1202935;}



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

CHS / ALL
**Transmittal Number: 11842068**
**Date Processed: 11/15/2013**

| | |
|---|---|
| **Primary Contact:** | Yolanda Cardenas<br>Health Care Service Corporation, A Mutual Legal Reserve Company<br>300 E. Randolph Street<br>Chicago, IL 60601 |
| **Copy of transmittal only provided to:** | Deborah Jones<br>Sandra York |

| | |
|---|---|
| **Entity:** | Health Care Service Corporation, A Mutual Legal Reserve Company<br>Entity ID Number  2256784 |
| **Entity Served:** | Health Care Service Corporation |
| **Title of Action:** | Dean M. Aulerich vs. Bluecross Blueshield of Oklahoma |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Tulsa County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2013-05124 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 11/14/2013 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | OK Insurance Commissioner on 11/13/2013 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Steven V. Buckman<br>918-587-1525 |

| | |
|---|---|
| **Notes:** | Please note that the Department of Insurance letter was served on Health Care Service Corporation, the summons shows Bluecross Blueshield of Oklahoma. |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

GOVERNOR
MARY FALLIN

INSURANCE COMMISSIONER
JOHN D. DOAK



### INSURANCE COMMISSIONER
## State of Oklahoma

November  13, 2013

HEALTH CARE SERVICE CORPORATION,
A MUTUAL LEGAL RESERVE COMPANY
300 E. RANDOLPH
CHICAGO        IL  60601

RE:  CJ1305124
     In the District Court in TULSA
     State of Oklahoma
     DEAN M. AULERICH
              vs
     HEALTH CARE SERVICE CORPORATION,
     A MUTUAL LEGAL RESERVE COMPANY

Dear Sir or Madam:

Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner

Sherry Standerfer          Legal Department

dp/enclosure

CORPORATION SERVICE COMPANY
115 S.W. 89TH STREET
OKLAHOMA CITY    OK  73139

FIVE CORPORATE PLAZA, 3625 N.W. 56th STREET, SUITE 100 • OKLAHOMA CITY, OKLAHOMA 73112-4511
(405) 521-2828 • TOLL FREE (IN STATE) 1-800-522-0071

0203

**ORIGINAL SUMMONS**

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT

## IN THE DISTRICT COURT OF TULSA COUNTY
### 500 SOUTH DENVER AVENUE, STATE OF OKLAHOMA 74103

NOV 1 3 2013

Legal Division

DEAN M. AULERICH,

                            **Plaintiff,**

v.

BLUECROSS BLUESHIELD OF
OKLAHOMA,

                           **Defendant.**

)
) Steven V. Buckman, OBA #10745
) 525 South Main, Suite 660
) Tulsa, Oklahoma 74103
)
) *Counsel for Dean M. Aulerich*
)
) CASE NO.
)
)

CJ-2013 05124

**To the above-named Defendant:**
BLUECROSS BLUESHIELD OF OKLAHOMA
c/o The Oklahoma Insurance Commissioner
**ATTN: Maria Torres**
5 Corporate Plaza
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

        You have been sued by the above named Plaintiff and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

        Issued this ___7___ day of November, 2013.

                                      SALLY HOWE SMITH, COURT CLERK

*(S E A L)*

                               By_____

                                            Deputy

This summons and order was served on _____

 

## YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY
## MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.
## SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO
## THAT AN ANSWER MAY BE FILED WITHIN THE TIME
## LIMIT STATED IN THIS SUMMONS.

DISTRICT COURT
**F I L E D**

NOV 00 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DEAN M. AULERICH,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    CASE No. **CJ-2013   05124**
                                     )
BLUECROSS BLUESHIELD OF              )    Attorney Lien Claimed
OKLAHOMA,                            )
                                     )    JEFFERSON D. SELLERS
            Defendant.               )

## PETITION

COMES NOW the Plaintiff, Dean M. Aulerich, and for his cause of action against the

Defendant, BlueCross BlueShield of Oklahoma, would show this Honorable Court the following:

1.      Plaintiff purchased health insurance coverage through the Defendant, BlueCross

BlueShield of Oklahoma ("BlueCross").  The insurer provided the insurance and accepted the

premiums paid for the coverage.

2.      Plaintiff needed a medically required surgical procedure and notified the health

insurer of the necessity for the surgery.  Initially, BlueCross approved the procedure, agreed the

surgery was medically necessary, and sent correspondence authorizing the operation.  The surgery

was scheduled.  Shortly thereafter, BlueCross reversed its position and advised the Plaintiff that it

would not pay for the surgery, suggesting it was not medically necessary.

3.      BlueCross refused to listen to the Plaintiff who explained why the surgery was

needed. Further, BlueCross ignored treating physicians who advised the medical condition dictated

the medical need for the surgery.

4.      Plaintiff requested a copy of the insurance policy, hoping to convince the insurer to

make payment by directing the representatives at BlueCross to the relevant provisions of the

contract. He was given the runaround and after several attempts was unable to obtain a copy of the insurance policy. Instead, BlueCross provided a copy of a summary of benefits. The summary clearly states the details of the insurance are set forth in the contract and its language governs over the content of the benefits summary.

5.      Plaintiff made several unsuccessful attempts to try to convince BlueCross to be reasonable and approve payment. BlueCross refused. The surgery was ultimately rescheduled and completed at Plaintiff's expense.

6.      The insurance company failed to conduct an appropriate investigation and evaluation of the claim and wrongfully refused payment of the same. If BlueCross had properly investigated and evaluated Plaintiff's claim for medical benefits, it would have determined, as Plaintiff attempted to explain to BlueCross, that he faced a medical condition requiring the surgery.

7.      BlueCross demonstrated a callous disregard for Plaintiff's condition and ignored the economic needs for payment of the medical expenses. BlueCross's actions were conducted in bad faith and violated the implied duty of good faith and fair dealing it owed to the Plaintiff under Oklahoma law.

8.      As a result of the breach of the implied duty of good faith and fair dealing, Plaintiff suffered damages including, but not limited to, the wrongful denial of medical benefits that were due, mental pain and suffering, embarrassment, loss of reputation, financial losses, and required the policyholder to retain legal counsel to bring this action. But for the bad faith actions of BlueCross, Plaintiff would not have been required to retain the services of an attorney or file this lawsuit.

9.      Plaintiff asserts the actions of BlueCross were egregious, deliberate, intentional, and willful. Alternatively, even if the facts are viewed in a light most favorable to BlueCross, the actions

2

were grossly reckless and in utter disregard of the obligations imposed by Oklahoma law. Therefore,

Plaintiff further seeks exemplary damages to deter BlueCross from the same or similar conduct in

the future and as a means of protecting the benefit and welfare of the Oklahoma public.

**WHEREFORE**, Plaintiff, Dean M. Aulerich, prays for judgment against the Defendant,

BlueCross BlueShield of Oklahoma, for a sum in excess of $75,000.00 for actual damages,

exemplary damages, costs, prejudgment interest at the maximum statutory rate allowed, post-

judgment interest at the maximum statutory rate allowed, attorney fees, and any and all other just and

equitable relief this Honorable Court deems proper.

> **BUCKMAN & GRAY,**
> *A Professional Corporation*
>
> By: _____
> Steven V. Buckman, OBA# 10745
> 525 South Main, Suite 660
> Tulsa, Oklahoma 74103
> Telephone: (918) 587-1525
> Facsimile: (918) 587-1535
> *Attorney for Plaintiff, Dean M. Aulerich*
> **Attorney Lien Claimed**

3



DISTRICT COURT
**FILED**

1000.0010

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY NOV 07 2013
STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DEAN M. AULERICH,                     )
                                      )
            Plaintiff,                )
                                      )
v.                                    )    **CJ-2013   05124**
                                      )
BLUECROSS BLUESHIELD OF               )
OKLAHOMA,                             )           JEFFERSON D. SELLERS
                                      )
            Defendant.                )

## ENTRY OF APPEARANCE

**COMES NOW** Steven V. Buckman of Buckman & Gray, *A Professional Corporation* and

enters an appearance on behalf of Plaintiff Dean M. Aulerich in the above-styled case.

                              **BUCKMAN & GRAY,**
                              *A Professional Corporation*

                    By:    _____
                              Steven V. Buckman, OBA #10745
                              525 South Main, Suite 660
                              Tulsa, Oklahoma 74103
                              sbuckman@buckmangray.com
                              Telephone:  (918) 587-1525
                              Facsimile:  (918) 587-1535
                              *Attorney for Plaintiff, Dean M. Aulerich*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2013, a true and correct copy of the
above and foregoing Entry Of Appearance was mailed by certified mail, with correct postage fully
prepaid thereon, to the following:

Oklahoma Insurance Commissioner
Attn: Maria Torres
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

                              _____
                              Steven V. Buckman

1000.0010

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

DEAN M. AULERICH,                    )
                                     )
             Plaintiff,              )
                                     )
v.                                   )      CASE NO.  CJ-2013- 5124
                                     )
BLUECROSS BLUESHIELD OF              )
OKLAHOMA,                            )
                                     )
             Defendant.              )

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

TO:   BLUECROSS BLUESHIELD OF OKLAHOMA
      c/o The Oklahoma Insurance Commissioner
      **ATTN: Maria Torres**
      5 Corporate Plaza
      3625 Northwest 56th Street, Suite 100
      Oklahoma City, Oklahoma 73112

The Defendant, BlueCross BlueShield of Oklahoma ("BlueCross" or "Defendant"), is directed to separately answer, in writing, under oath, each of the following Interrogatories in accordance with the Oklahoma Discovery Code pursuant to the request of this Plaintiff.

A.    "You" or "your" shall refer to the named Defendant answering these Interrogatories.

B.    "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract deposit slip, bank statement, receipt, stock certificate, bond coupon, purchase and/or sale confirmation, monthly securities and/or commodities statements.

C.    "Person" shall refer to any natural person, firm, association, partnership, corporation

or other form of legal business entity.

D.     "Identify" or "identification", when used with reference to an individual person, means to state his full name, residential address and his present or last known position and business affiliation.

E.     "Identify" or "identification", when used in reference to a corporation, firm or other entity, means its full name, form of organization, and its present or last known address.

F.     "Identify" or "identification", when used in reference to a writing, means a description of that writing in a manner sufficient for a subpoena duces tecum or for production pursuant to Section 3233 of the Oklahoma Discovery Code.  Also, give its present location or custodian.  If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

G.     "Identify" or "identification", when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full name and the present or last known position, business affiliation and residential address of each person attending the meeting or conference.

H.     "Identify" or "identification", when used in reference to an oral conversation other than telephonic conversation, means to state when such conversation took place, where such conversation took place, and the full name and present or last known position and business affiliation and residential address of each party to such conversation.

## INSTRUCTIONS

1.     These Interrogatories shall be deemed continuing pursuant to Section 3226(E) of the

2

Oklahoma Discovery Code as to require additional answers if Defendant acquires additional information between the time the answers are served and the time of trial. Such additional answers shall be served seasonably, but not later than thirty (30) days after such further information is received. Information requested is to include all information in the possession of the parties, their attorneys, insurance investigators, and agents.

2.      Each Interrogatory is to be considered as having been asked individually of Defendant and Defendant shall file separate answers, first giving the question, followed by the answering party's response.

3.      Whenever used herein, the singular shall be deemed to include the plural, the feminine shall be deemed to include the masculine, the disjunctive ("or"), shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words, "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

4.      Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered Interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  State the names, addresses, and telephone numbers of all witnesses and expert witnesses to be utilized by Defendant at trial.

**INTERROGATORY NO. 2:**  Why did you deny the claim for the surgery submitted by Dean Aulerich?

3

**INTERROGATORY NO. 3:**   Who at BlueCross made the decision to deny the claim? Please identify the ranking supervisors over the decision maker by name and title up to and including the president of the company at the time period the decision was made.

**INTERROGATORY NO. 4:**   Please produce a list of names, addresses, job titles and job descriptions of the person or persons with knowledge of the training on the duty of good faith and fair dealing for the adjustment of claims as presented by Oklahoma insureds during the time period of January 1, 2013, to the present.

**INTERROGATORY NO. 5:**   For the time period of January 1, 2013, to the present for Oklahoma claims, please identify all e-mail and/or internal messaging systems in use, including but not limited to the following:

a.     All e-mail and/or internal messaging software and versions presently and previously used by you and the dates of use;

b.     All hardware that has been used or is currently in use as a server for the e-mail and/or internal messaging system including its name;

c.     The specific type of hardware that was used as terminals into the e-mail and/or internal messaging system (including home PCs, laptops, desktops, cellular telephones, personal digital assistants, etc.) and its current location;

d.     The number of users there has been on each e-mail and/or internal messaging system (delineate between past and current users);

e.     Whether the e-mail and/or internal messaging is encrypted in any way and list passwords for all users;

f.     All users known to you who have generated e-mail and/or internal messaging related to the subject matter of this litigation; and

g.     All e-mail and/or internal messaging known to you (including creation date, recipient(s) and sender(s)) that relate to, reference or are relevant to the subject matter of this litigation.

4

**INTERROGATORY NO. 6:** Identify and attach any and all versions of document/data retention or destruction policies used by BlueCross and identify documents or classes of documents that were subject to scheduled destruction during the relevant period(s) of time involving Plaintiff's claim:

    a.    Attach copies of document destruction inventories/logs/schedules containing documents relevant to this action;

    b.    Attach a copy of any disaster recovery plan relevant to this action in which data might exist;

    c.    Also state:

        1)    The date the policy was implemented;
        2)    The date, if any, of the suspension of this policy *in toto* or any aspect of said policy in response to this litigation;
        3)    A description by topic, creation date, user or bytes of any and all data that has been deleted or in any way destroyed after the commencement of this litigation. State whether the deletion or destruction of any data pursuant to said data retention policy occurred through automation or by user action; and
        4)    Whether any company-wide instruction regarding the suspension of the data retention/destruction policy occurred after or related to the commencement of this litigation. If so, identify the individual responsible for enforcing the suspension.

**INTERROGATORY NO. 7:** Identify any data related to Plaintiff's claim at issue in this lawsuit that has been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention or destruction policy or otherwise, since the commencement of this litigation. Specifically identify those documents that relate to or reference the subject matter of the above-referenced litigation.

**INTERROGATORY NO. 8:** List the job title, description, business address, telephone number, and e-mail address of any individuals that are/were responsible for creating, implementing or retaining any and all versions of your document retention or destruction policies.

5

**INTERROGATORY NO. 9:** Please state the date that you first anticipated litigation.

**BUCKMAN & GRAY,**
*A Professional Corporation*

By:

Steven V. Buckman, OBA #10745
525 South Main, Suite 660
Tulsa, Oklahoma 74103
sbuckman@buckmangray.com
Telephone: (918) 587-1525
Facsimile: (918) 587-1535
*Attorney for Plaintiff, Dean M. Aulerich*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of November, 2013, a true and correct copy of the above and foregoing Plaintiff's Interrogatories To Defendant was mailed by certified mail, with correct postage fully prepaid thereon, to the following:

Oklahoma Insurance Commissioner
Attn: Maria Torres
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

Steven V. Buckman

6

1000.0010

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| DEAN M. AULERICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CJ-2013-5124 |
| | ) | |
| BLUECROSS BLUESHIELD OF | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF
### DOCUMENTS AND THINGS FROM DEFENDANT

TO:   BLUECROSS BLUESHIELD OF OKLAHOMA
c/o The Oklahoma Insurance Commissioner
**ATTN: Maria Torres**
5 Corporate Plaza
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

**COMES NOW** Plaintiff, Dean M. Aulerich, by and through his attorney of record, Buckman

& Gray, *A Professional Corporation*, and pursuant to the provisions of 12 O.S. § 3234, requests that

Defendant, BlueCross BlueShield of Oklahoma ("BlueCross" or "Defendant"), produce for

inspection and copying the following documents and things. Said documents and things shall be

produced for inspection and copying at the offices of Buckman & Gray, *A Professional Corporation*,

525 South Main Street, Suite 660, Tulsa, Oklahoma, between the hours of 8:30 a.m. and 5:00 p.m.,

within thirty (30) days following receipt of this request. Said documents and things shall be

produced in the order as described below and those documents and things produced pursuant to each

request shall be delineated as defined thereby. If the document(s) meeting each document request

should exceed one hundred (100) in number, Defendant shall, prior to the date for demand of

production of documents and things, supply an inventory describing in particularity each such

document, and Plaintiff will elect upon said inventory of such documents provided which shall, in fact, be produced.  In the event that no such inventory is provided by Defendant, all documents described by said request shall be provided at the time above referenced and specified.  This request is intended to assert certain information and requires Defendant to make a complete and diligent search of all records and evidence at the disposal or in the possession of itself, its agents, insurance company representatives, investigators, servants, employees, attorneys, and accountants and those that are contained in the records  or other materials in Defendant's custody, control or that are available to you or them.

This request shall be continuing, and should the documents available or discovered pursuant to said request change before trial of this action, you are requested to advise this Plaintiff's counsel of the additional documents which are discovered and copies of said documents shall be produced to Plaintiff's counsel.

### DOCUMENTS AND THINGS REQUESTED

**REQUEST NUMBER 1:**  Produce a copy of any supervisor, manager, unit, regional, agent, consultant, or zone file maintained by BlueCross regarding Plaintiff's claim for surgery your company denied.

**REQUEST NUMBER 2:**  Provide copies of all manuals, handbooks, training manuals or guidelines, correspondence, memoranda and opinions in your possession or control prior to the filing of this lawsuit, which contain, reflect or describe any claim-handling policies, procedures and/or practices which you believe are authoritative and/or a standard in the insurance industry for the adjustment of first party medical claims in the State of Oklahoma.

**REQUEST NUMBER 3:**  Please provide copies of all files, records, and documents,

electronic, digital, or otherwise, involving the medical claim for surgery at issue in this lawsuit. This request includes, but is not limited to, correspondence, memos, logs, diaries, notes, files, e-mails, faxes, summaries, internal messages, or documents.

**REQUEST NUMBER 4:**  Produce a complete copy of the insurance policy.

**BUCKMAN & GRAY,**
*A Professional Corporation*

By:  _____
Steven V. Buckman, OBA #10745
525 South Main, Suite 660
Tulsa, Oklahoma 74103
sbuckman@buckmangray.com
Telephone:  (918) 587-1525
Facsimile:  (918) 587-1535
*Attorney for Plaintiff, Dean M. Aulerich*

## CERTIFICATE OF SERVICE

I hereby certify that on this _7th_ day of November, 2013, a true and correct copy of the above and foregoing Plaintiff's Request For Production Of Documents And Things From Defendant was mailed by certified mail, with correct postage fully prepaid thereon, to the following:

Oklahoma Insurance Commissioner
Attn: Maria Torres
3625 Northwest 56th Street, Suite 100
Oklahoma City, Oklahoma 73112

_____
Steven V. Buckman

3

7001 0320 0004 4249 2899

**John D. Doak**
**Insurance Commissioner**
Oklahoma Insurance Department
5 Corporate Plaza
3625 N.W. 56th St., Ste. #100
Oklahoma City, OK 73112-4511

*Corproation Service Company*
*115 S.W. 89th Street*
*OKC, OK 73139*

# EXHIBIT 4



Erin K. Dailey
918.595.4863
edailey@gablelaw.com

December 2, 2013

Steven Buckman, Esq.
Buckman & Gray,
A Professional Corporation
Park Centre, Suite 660
525 South Main Street
Tulsa, Oklahoma
74103-4521
(918) 587-1535 facsimile

   Re: *Dean M. Aulerich v. BlueCross BlueShield of Oklahoma*, Tulsa County Case No.
     CJ-2013-05124

Dear Steve:

   This letter memorializes our discussion and the agreements we reached today regarding the above-captioned matter. As we discussed, Plaintiff agrees to stipulate that he is a citizen of Oklahoma and resident of Tulsa County for diversity of citizenship purposes. We also agreed that the amount in controversy has been met by virtue of the plea in the Petition. In addition, you have agreed to provide my client with a two-week extension of time to answer the Petition, or until December 18, 2013.

   Please notify me in writing as soon as practicable if you disagree with any of the above.

   Regarding the citizenship of the defendant for diversity purposes, as we discussed, Blue Cross and Blue Shield of Oklahoma ("BCBS-OK") is an unincorporated division of Health Care Service Corporation. HCSC is a mutual legal reserve company that is incorporated under the laws of Illinois with its principal place of business in Chicago, Illinois. "[F]or diversity purposes, [an] unincorporated division's citizenship is [the] same as corporation of which it is a part . . . ." *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) (citing *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 n. 3 (7th Cir.1986)). Accordingly, BCBS-OK is a citizen of Illinois for diversity purposes.

---

**EXHIBIT 4**

Steve Buckman
December 2, 2013
Page 2

      Thank you for your professional courtesy in this matter, and feel free to call me at 918-595-4863 if you would like to discuss this matter further.

Yours very truly,

Erin K. Dailey
For the Firm

EKD:skb

# EXHIBIT 5

## DECLARATION OF LESLIE ADKINS
## IN SUPPORT OF NOTICE OF REMOVAL

I, the undersigned, upon personal knowledge, declare as follows:

1.      I am over 21 years of age and am competent to testify to the matters stated herein. I have personal knowledge of the following facts and could testify thereto if called as a witness.

2.      I am Vice President Service Delivery and Operations, at Health Care Service Corporation ("HCSC"). Among other duties in my role at HCSC, I have oversight responsibilities for HCSC's Tulsa, Oklahoma Full Service Unit, which processes health insurance claims and fields member inquiries.

3.      Defendant HCSC is an Illinois mutual legal reserve company that is incorporated under the laws of Illinois. HCSC has its headquarters and principal place of business at 300 East Randolph Street, Chicago, Illinois. HCSC's officers direct, control, and coordinate HCSC's corporate activities from this location.

4.      Defendant Blue Cross and Blue Shield of Oklahoma ("BCBS-OK") is an unincorporated division of HCSC. Through BCBS-OK, HCSC underwrites risk and administers health benefit plans in Oklahoma.

5.      Based on my work with the legal department in preparing this declaration, I have learned that HCSC was first served with a copy of the Petition for *Dean M. Aulerich v. BlueCross BlueShield of Oklahoma*, Case No. CJ-2013-05124, District Court of Tulsa County, State of Oklahoma, through service on the Insurance Commissioner on November 13, 2013.

1

**EXHIBIT 5**

I declare under penalty of perjury that the foregoing is true and correct. Executed on December __11th__, 2013, in Wichita Falls, Texas.

Signature: _Leslie Adkins_

Name: _Leslie Adkins_

Title: _Vice President_